UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUL 20 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

JUAN GUZMAN ZUNIGA JR
TDCJ NO# 1465196

PETITIONER

V.

CIVIL ACTION
NO-SA-11-CA-241-XR

RICK THALER
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
CORRECTIONAL INSTITUTION DIVISION DIRECTOR

## PETITIONERS MOTION FOR REHEARING

COMES NOW JUAN GUZMAN ZUNIGA JR TDCJ #1465196 Acting PRO SE, And brings forth his motion for Rehearing; on Judgement order set by Judge XAVIER RODRIGUEZ on ISSUE'S RAISED, AN All within; JUNE 28 2012

### JURISDICTION

THIS COURT HAS JURISDICTION UNDER 28. USC 2254; S.2244 (d)(1).(A) AND POWER TO ENTERTAIN the state prisoner Application for WRIT HABEAS CORPUS IN PURSUANT TO Federal Rule of Criminal Proc 9(b) Rule of civil Procedure (54)

### SHOW CAUSE

Petitioner contends that it is the STATE that is committing fraud by them not following the Courts first ORDER Dated July 13, 2010, by Honorable Judge HEER of the 186th Judicial District; UNDER Judicial Power ORDERING the STATE To Submit, forward the whole Records of the Court. So Actually the state is in violation of Rule 60(B); Petitioner in fact on his Rebuttal to STATES Response To Dismiss filed OCTOBER 2011... SENT TWO (2) White CARD NOTICES Exh-N&O.

Petitioner after notice of Feb 20, 2011 (Writ Dismissed). He filed a corrected writ exactly the same in Feb 9, 2011. On Feb 14, 2011, He Recived a second (Notice of Dismissal). In his 2sec Supp to Rebuttal, he enter (Exhibit X, showing proof he had filed a second writ (Corrected). [Oct 30 2011]. Exhibit N and O where the Clerk Pearson herself sent and dated when they got Petitioner's writ from the 186th District Court and when they Denied the Writ. Rule 60 B: whether previously called, intrinsic, or extrinsic, misrepresentation or misconduct by opposing party or the Court has not Reviewed the full Records.

Judge Maria Herr Trial Judge issued order and designates and suspended the time under Art 11.07 See Texas Code of Criminal Procedure Art 11.07 3(d) Tex Code of Crim. Proc (Vernon 2008). Quote "After the matters have occured, the findings will be forwarded to the Court of Criminal Appeals. Orders Provision of any documentations to assist the Court in preparing findings of facts & Law. failure to abide by this Order is subject to a charge of contempt by fraud. Her jurisdiction issued the Writ of Habeas Corpus filed on July 1, 2010 without any motion being made for the same. Tex Code of Criminal Art 11.16; Tex Constitution Art, V §3... the Supreme Court and the Justice's there of shall have power to Issue Writ Habeas Corpus as maybe prescribed by Law L-Ed Art V §6.

The Judicial Power of this State shall be vested in such other Courts as may be Provided by Law "See: Tex Code Crim Proc Art's 11-01-6 - 11.07 §2; 11-08 : 64 Art 11.16 and 11.17 V.A.C.C.P. Authorize A judge of within-

1

Jurisdiction Power to issue the writ on his or her own motion to take the initiative in order to examine situations in which she or him has knowledge, or either is made to appear by satisfactory evidence along with certain specific factors.

In this case Judge Herr did not move to dismiss the writ Habeas Corpus 2006-CR-5239-W-1, for lack of Jurisdiction. The judge knew law supported her decision. On Order of July 13, 2010 to issue the writ and suspend limitation enunciated in Art. 11.07 & Art. 11.07.3d writ/Habeas Corpus Texas Code (Crim. Proc. (Vernon 2008).

Rather: Exparte Golden 991 Sw3d 859 Tex Crim. App 1991 or Exparte Thomas 953 Sw3d 286 (Tex. Crim. App. 1997), Exparte Torres 943 Sw3d at 472.. had anything to do with Judge Teresa Herr's issuing writ 2006-CR-5239-W-1; This case law most certainly entertains her Judicial Power.

## States Procedural Default

The District Clerk Donna McKinney had gotten in contact with Attorney General Greg Abbott; Mr Abott stated in his Affidavit (page 15) that Ms McKinney stated she never received a re-submitted writ: Zuniga proofs otherwise, through 2sec. Supp. mailed October 30 2011 Exhibit I... Under the mail Box Rule see Spotville v Cain 149 F3d 374-376 77. (5th Cir 1998). A pro-se prisoners writ Art 11.07 or USC 2254 is deemed filed at the moment he delivers it to the prison officials, for mailing it to District Court or U.S. District Court; Relying on—

2

Supreme Court Ruling in Houston v. Lack 484, U.S. 266, 108 S.Ct. 2374, 101 L.Ed. 2d 245; which establishes a similar mail box rule - for determining when a pro-se prisoners notice of appeal from dismissal of a Habeas Corpus Action would be considered filed per-se to AEDPA (Act 1996) one year limitation; see Burns v Morton 134 f.3d 109 (3d cir 1998)

Furthermore when the state failed to timely file prisoner's pro se sec writ-petition or Redrawn WR 1484-08 - constituted a state created impediment under statue which tolled the (AEDPA Act 1996) see Critchely v Thaler 586 f.3d 318 (5th Cir App Tex 2010) the ministered act by Clerk McKinney, for failure to file, (sec writ) filed Feb 9-2011, or the Act of Assistant District Attorney Patrick Yeary, for the Criminal Division of the 4th Supreme Court of Appeals - In not placing letter of instruction on Redrawn WR. of July 1-09 <u>Return to Sender</u>! Or simply in good faith gotten on the elevator, or fax the instrument one floor above to the Head of his Division he Advocates for. Miscarriage of Justice.

Indeed Applies with exception to state procedural default. Exception to preclusive procedural default is discussed in Wainwright 97.S.Ct. 2497 (1977) at (Id 460)

In Answering this question question, the court drew dispositive distinction between procedural default Resulting from deliberate tactical decisions and those Resulting from ignorance or inadvertence such as dismissing inadvertence to jurisprudence that pricks the writ should be -

3

Reviewed, or a P.D.R. Redrawn by En-Banc order should have [?] Returned to sender; or Writ (2sec) should have been filed by Clerk...

Therefore such created prejudice, but they worked to his Actual AND substantial disadvantage infecting his entire Appellate Procedure's STATE AN federal, with error of constitutional demension; fundamental fairness; see Frady Supra at 170, 102.S.Ct At 1596, showing can only constitute that pro-se prisoner was denied fundamental fairness.

Quoting: Judge Justice STEVENS "A constitutional claim that impliments fundamental fairness - compels Review Regardless of possible procedural default (Post At 2652 N, 8). We remain confident that for the most part victims of fundamental miscarriage of Justice will meet the cause and prejudice standard [Ibid]... Reyling in FAY V NOIA 372 U.S. 341, 83 S.Ct. 822 9. L.Ed. 873 (1963).

Affirmed that the federal court has power to look beyond the STATE procedural default, and entertain pro-se prisoner application for Writ Habeas Corpus under 28 U.S.C. § 2254. Therefore a standard for review should be seeked and Relief granted.

This fundamental miscarriage of Justice Left Petitioner in the 7th month within the AEDPA (Act 1996) December-20, 2008 - to July 1, 2009 IN-RE to P.D.R. 1484-08 Struck En-Banc Order to Redrawn, the misleading And believing, that he was on time.

THE dismissal of Petitioner's 2006-CR-5239 W-1 mailed on time is clearly proof of fundamental miscarriage of Justice

4

The Court of Criminal Appeals has violated its own Jurisprudence and through there inadvertence tactical act imposed the (ADEPA ACT 1996) and prejudice Petitioner writ procedure and claimed time barred. Ex-Parte Golden 991 Sw2d 859 (Tex Crim App 1991) gives a clear definition to ART §11.14. The court was not time barred from reviewing ART.11.07; under Art 11.07(3d) to its merits. They just didn't choose too; SEE, Ex-Parte Thomas 953 Sw.2d 286 (Tex Crim App 1997) most certainly, clearly reveals Texas Court of Criminal Appeals jurisprudence. The Trial Court did indeed has made relevant facts & law findings to support its issuing order of July 13, 2011. Adequate findings was found by Trial Judge here under Art 11.07 an 11.07(3c) Tex Code of Crim Proc. (Vernon 2008)

The court just plain out dismissed the writ, declined to consider the claims raised for reasons unrelated to the claim merits raised; SEE Ex Parte Torres 943 Sw.2d at 472... the well known theory "one bite of the apple".

Petitioner contends constitution Law; Ex Post-Facto Clause Reaches every form in which legislative power of the state is excerted, Including, Regulation or ORDER U.S.C.A. Constitution Art I § 10 Cl 1. Ross v State of Oregon 227 U.S. 150 162-63 33 S.CT 220, 57 L.ed-458 (1913).

This Federal Court must Independently Review the courts records to determine, whether State Courts clearly error-

5

In its Application of Supreme Court Law, see <u>Delgado v. Lewis</u> 223 f.3d. 976-82 (9th Cir 2001)

States decision to Dismiss Writ 2006-CR-5239-W1 was a decision made inadvertently - ignoring what the Court of Criminal Appeals had decided - on <u>Ex Parte Golden</u>; Ex Parte Thomas and Ex Parte Torres. The state court just plain out not decide to Review the Great Writ on claims raise with merits. Jurisprudence is Authority Law. The Court of Criminal Appeals went against Judicial Power. My writ was on time. An it was issued by order to suspension of limitation time. And it is as such that this U.S. District Court is being ask by Petitioner to Review the claims Raised an all within.

## Due Diligence

In the Appellate Records, there is an <u>Exhibit R</u> that was introduced through Petitioner Response to order by Judge Nowak Filed April 25, 2011. Due Diligence commence -Pro Se- As shown. Petitioner filed numerous Pro Se Motions letters of Inquiry. Motion for New Trial. Two Writs Direct Appeal - Rehearing - PDR. Supp-1 an 2. 1484-08. And Writ 2006-CR 5239-W1 - Sec Writ - 7 Motions. And A Second Federal Writ that was filed Sept 6-2011 which at this time lay in this Federal Court. Petitioner Entered 13 Exhibits with his writ, And Enter 18 Exhibits with Reply. Motion not to Dismiss — And on his Rebuttal to States Response he entered 19 Exhibits —

6

On first (1st) supp to Rebuttal he enter two exhibits A and B. And on his second (2sec) he entered Exhibit X. And again on his Re-submitted writ he enter Supp. Exhibit A to M - of first writ. And again the same Exhibits in his federal writ. All three (3) writs are exactly the same. My Due Deligence is clear. Appellate Records Index; of Appellate Facts. And Exhibit R show nothing but due deligence from pro se prisoner.

My Responses. To Judge Nowak Steins Order. Petitioner responded to Issue of Exhausted State Remedies in less then (21) days. And, to order of October 10 2011, 1st Supp. to said order 10-20-11. And second supp. 10 days later. And now deligently seeking Rehearing to Judgement order of June 28, 2012 set by Judge Rodriguez U.S. District Court.

Deligently Zuniga would of Respondent if Assistant District Attorney for Appellate Criminal Division for the fourth (4th) Supreme Court of Appeals Bexar County Patrick Yenny would of placed letter Heading and Redrawn PDR 1454-08 under En Banc Order - back into U.S. Postal Service Posted RETURN BACK TO SENDER ☞ ≡ Zuniga would of seeked mercy time deligently.

If the State of reviewed writ Habeas Corpus 2006-CR-5234 W-1 under 11.07 and 11.07 3d Texas Court of Criminal Procedure (Vernon 2005) Due Deligence would not be an Issue. An we would not be spending money and paper work.

7

Petitioner contends he never sat on the Law. Pro se litigant a prisoner with limited access to legal research. I never layed on the Law. My Motion for New Trial; My Direct Appeal, My Motion for Rehearing; My PDR 1484-08 struck En Banc order redrawn Timely Submitted; Writ Habeas Corpus Art 11.07 dismissal, timely Submitted, and timely resubmitted; And 28 U.S.C. 2254, To issues Above, And 28 U.S.C. 2254, separate claim. All motion Appellate or Trial Court; Enquiring Notices All submitted properly.

## Conclusion

Petitioner ask this court to Reverse its judgement order of June 28 2012 and allow Petitioner A Review on hearing. To all claims raised - And grant relief.

## Prayer

Petitioner prays this court will examine all issues within and claims raised; DE-NOVO.

Executed on
07-16-12

Respectfully Submitted
Juan Guzman Zuniga 1465146
PRO SE

8

## CERTIFICATE OF SERVICE

I. Acknowledge that a true and correct copy of this motion for rehearing has been mailed via legal mail system of the Stringfellow Unit 1200 FM 655 Rosharon Texas 77583 Law Library; To the offices as follow.

Greg Abbott Attorney General       (And) Clerk of the U.S. District Court
of Texas P.O. Box 12548              Western District of Texas
Austin Texas 78711-2548              San Antonio Tex. Division
                                     655 E. Durango Blvd
                                     San Antonio Texas 78206-1106

Executed on
07-16-12

Respectfully Submitted
Juan Guzman Zuniga JR
PRO SE. TDCJ 1465196; 1200 FM 655
Rosharon Texas 77583

### DECLARATION OF OATH

I do swear under penalty of perjury that all this document contains is the truth and nothing but the truth.

Respectfully Submitted
Juan Guzman Zuniga JR
PRO SE 1465196

Executed on
07-16-12

Juan Guzman Gomez #1745796
A.M. STRINGFELLOW UNIT
1200 FM 655 B-931
ROSHARON, TEXAS 77583

RECEIVED
JUL 2 0 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

The Clerk of the United States District Court
Western District of Texas
San Antonio Division
655 E. Durango Blvd
San Antonio, Texas 78206-1106