UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JUAN GUZMAN ZUNIGA, JR.,** | § | |
| **TDCJ No. 1465196,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-11-CA-241-XR** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER DISMISSING AND DENYING RULE 60(b) MOTION

The matter before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed August 25, 2014 (ECF no. 40).  For the reasons set forth below, Petitioner's motion will be denied.

## I. Background

Petitioner filed this federal habeas corpus action pursuant to 28 U.S.C. Section 2254 challenging his September, 2007 Bexar County conviction for sexual assault.  In a Dismissal Order issued June 28, 2012 (ECF no. 19), this Court dismissed Petitioner's federal habeas corpus petition as untimely under the AEDPA's one-year statute of limitations found in Title 28 U.S.C. Section 2244(d)(1)(A).  As explained in this Court's Dismissal Order, Petitioner filed this Section 2254 federal habeas corpus action challenging his conviction for sexual assault not earlier than March 21, 2011.  This Court determined (1) Petitioner's conviction became final for purposes of the AEDPA's one-year statute of limitations not later than July 3, 2009, (2) the deadline for filing Petitioner's *federal* habeas corpus petition was July 3, 2010, (3) Petitioner's

state habeas corpus application (filed July 1, 2010 and dismissed by the Texas Court of Criminal Appeals on February 2, 2011) did not toll the AEDPA's limitations period because it was not compliant with Texas procedural rules for filing a state habeas corpus application (i.e., the Texas Court of Criminal Appeals concluded it did not comply with Rule 73.1 of the Texas Rules of Appellate Procedure - specifically the verification requirement of Rule 73.1(d)), (4) Petitioner's federal habeas corpus petition was filed not earlier than March 21, 2011, and (5) Petitioner's argument about the alleged delay by the Texas Court of Criminal Appeals in dismissing Petitioner's state habeas corpus application did not warrant application of 28 U.S.C. Section 2244(d)(1)(D) or the application of the doctrine of equitable tolling.

This Court also denied Petitioner a Certificate of Appealability ("CoA") and denied Petitioner leave to proceed In Forma Pauperis on appeal.  Petitioner appealed anyway.  In an unpublished Order issued April 15, 2013, the Fifth Circuit denied Petitioner a CoA. *Zuniga v. Thaler*, 12-50746 (5th Cir. April 15, 2013) (ECF no. 36).

## II. Motion for Relief from Judgment Under Rule 60(b)

In his Rule 60(b) motion, filed August 25, 2014 (ECF no. 40), Petitioner argues (1) his amended federal habeas corpus petition, filed September 8, 2011 (ECF no. 9) has never been addressed by this Court and remains pending before this Court, (2) he never received a final ruling on his amended federal habeas corpus petition, and (3) he is entitled to a final ruling on the merits of his amended federal habeas corpus petition.

## III. Analysis of Petitioner's Rule 60(b) Motion

A.      Standard for Relief Under Rule 60(b) Generally

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

2

On motion and upon such terms as are just, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Such a motion must be made within a reasonable time and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.2, 125 S. Ct. 2641, 2645 n.2, 162 L. Ed. 2d 480 (2005); FED.R.CIV.P. 60(c)(1), FED.R.CIV.P.

A Rule 60(b) motion which attacks not the federal district court's ruling on the merits of a federal habeas claim but, rather, challenges only the federal district court's refusal to address the merits of a claim, due to findings of procedural default, the expiration of the AEDPA's limitations period, or some other procedural impediment to merits disposition, may proceed without pre-certification under 28 U.S.C. Section 2244(b)(3).  *See Gonzalez v. Crosby*, 545 U.S. at 533-38, 125 S. Ct. at 2648-51 (holding that, if neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, the motion may proceed to resolution); *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir.) ("A Rule 60(b) directed to a procedural ruling that barred consideration of the merits, such as a procedural default, is not considered a 'successive' petition and is properly brought as a Rule 60(b) motion."), *stay of execution and cert.* denied, ___ U.S. ___, 134 S. Ct. 1022 (Jan. 22, 2014); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir.) (holding a motion

challenging only the federal district court's conclusion that petitioner had procedurally defaulted on a claim was properly before the district court pursuant to Rule 60(b)), *stay of execution denied*, ___ U.S. ___, 132 S. Ct. 1995, ___ L. Ed. 2d ___ (2012); *Hernandez v. Thaler*, 630 F.3d 420, 427-28 (5th Cir. 2011) (holding the same). Because Petitioner's Rule 60(b) motion in this cause attacks this Court's summary dismissal of Petitioner's federal habeas corpus petition as untimely, Petitioner may proceed without pre-certification under 28 U.S.C. Section 2244(b)(3).

A Rule 60(b)(6) movant is required to show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. at 535, 125 S. Ct. at 2649; *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir.), *cert.* denied, ___ U.S. ___, 134 S. Ct. 48, 186 L. Ed. 2d 960 (2013); *Adams v. Thaler*, 679 F.3d at 319; *Hernandez v. Thaler*, 630 F.3d at 429. "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. at 535, 125 S. Ct. at 2649; *Diaz v. Stephens*, 731 F.3d at 374; *Adams v. Thaler*, 679 F.3d at 319. A change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6). *Diaz v. Stephens*, 731 F.3d at 375-76; *Adams v. Thaler*, 679 F.3d at 319; *Hernandez v. Thaler*, 630 F.3d at 430.

Insofar as Petitioner argues in conclusory fashion that this Court's dismissal of Petitioner's federal habeas corpus action herein was the product of mistake, inadvertence, surprise, or excusable neglect (as provided by Rule 60(b)(1), FED.R.CIV.P.), any such contention is untimely. This Court dismissed Petitioner's federal habeas corpus action on June 28, 2012 (ECF no. 19). Petitioner filed his Rule 60(b) motion not earlier than August 20, 2014, i.e., the date petitioner signed his motion. Thus, Petitioner's Rule 60(b) motion was not filed within the one-year period mandated by Rule 60(c)(1), FED.R.CIV.P.

Moreover, Petitioner alleges no specific facts which show this Court's dismissal of Petitioner's federal habeas corpus action herein as untimely was in any manner erroneous, inadvertent, mistaken, the product of surprise or excusable neglect, or inconsistent with any legal authority.  Therefore, this Court will liberally construe Petitioner's pro se Rule 60(b) motion as seeking relief pursuant to Rule 60(b)(6).

B.   <u>Petitioner's Rule 60(b) Motion Untimely</u>

Petitioner's Rule 60(b) motion was not filed within a year from this Court's judgment as required for such motions filed pursuant to Rule 60(b) subdivisions (1) through (3).  Rule 60(c)(1), FED.R.CIV.P.  Nor was Petitioner's Rule 60(b) motion filed with a reasonable time, as required for motions under Rule 60(b)(6) by the same Rule 60(c)(1).  This Court dismissed Petitioner's original federal habeas corpus action on June 28, 2012.  Petitioner's Rule 60(b) motion seeks to litigate the substance of his federal habeas corpus claims which this Court dismissed as untimely.

Petitioner waited to file his Rule 60(b) motion until August, 2014, more than two years after this Court dismissed Petitioner's federal habeas corpus petition and more than fifteen months after the Fifth Circuit effectively affirmed this Court's dismissal of Petitioner's claims as untimely by denying Petitioner a CoA.  All of the arguments raised in Petitioner's Rule 60(b) motion were available to Petitioner at the time this Court dismissed Petitioner's federal habeas corpus petition as untimely.  Petitioner does not identify any new legal opinions or legal authorities unavailable at the time this Court dismissed his federal habeas corpus petition which furnish a new legal basis for rejecting this court's analysis of the timeliness of Petitioner's federal habeas corpus petition.  The more than two-year delay between the date of this Court's

judgment and the filing of Petitioner's Rule 60(b) motion is not justified by any rational explanation currently before the Court.

Under such circumstances, petitioner's Rule 60(b) motion was not brought within a reasonable time. *See Tamayo v. Stephens*, 740 F.3d at 991 (holding a Rule 60(b) motion filed eight months after the Supreme Court's decision in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), in which the movant sought retroactive application of the Supreme Court's holding in *McQuiggin* was untimely under Rule 60(c)(1)).  Here, there is no factual allegation showing Petitioner, despite the exercise of due diligence, was unable to present the same arguments raised in his Rule 60(b) motion at the time this Court issued its ruling dismissing Petitioner's federal habeas corpus petition as untimely.  Petitioner's Rule 60(b) motion must be dismissed as untimely.

C.      Petitioner's Arguments in his Rule 60(b) Motion Lack Merit

Petitioner complains that he was denied a ruling by this Court on his amended petition for federal habeas corpus relief.  Petitioner is in error.  This Court's Dismissal Order made clear Petitioner's federal habeas corpus attack upon his 2007 Bexar County conviction for sexual assault was barred by the AEDPA's one-year statute of limitations (ECF no. 19).  This Court's holding on this point applied with equal force to Petitioner's original federal habeas corpus petition (filed March 25, 2011 - ECF no. 1) and Petitioner's amended petition (filed September 8, 2011 - ECF no. 9).  Petitioner's Amended Petition does not include a certificate of service indicating Petitioner ever served a copy of same on Respondent's counsel of record.  Petitioner's Amended Petition does not include any discussion relevant to this Court's conclusion that Petitioner's federal habeas corpus action was untimely under Section 2244(d)(1).  Respondent filed his motion to dismiss on October 10, 2011 (ECF no. 14) requesting dismissal of this entire

action, more than a month after Petitioner filed his amended petition (i.e., on September 8, 2011).  Even if it were possible to construe this Court's Dismissal Order as addressing only Petitioner's original federal habeas corpus petition (a legal principle for which Petitioner cites no authority and for which this Court has been unable to locate any legal authority), the untimeliness of Petitioner's original federal habeas corpus petition was not cured by the filing of Petitioner's amended petition approximately six months later.  On June 28, 2012, this Court dismissed all of Petitioner's claims herein as untimely: "this case is **DISMISSED** as barred by the statute of limitations."[1]   The untimeliness of Petitioner's original federal habeas corpus petition pursuant to Section 2244(d)(1) was not rectified or cured by the filing of Petitioner's Amended Petition in September, 2011.  Petitioner's Amended Petition did nothing more than add another conclusory assertion of Due Process violation to the litany of complaints Petitioner raised in his original federal habeas corpus petition collaterally attacking his 2007 state criminal conviction.[2]

Petitioner presents no arguments suggesting this Court's ruling on the untimeliness of this federal habeas corpus action was in any manner erroneous or inconsistent with any legal authority.  Any contention Petitioner wishes to raise at this juncture suggesting this Court erred in dismissing Petitioner's federal habeas corpus action as untimely was more than adequately addressed in this Court's Dismissal Order (which this Court expressly incorporates by reference) and was implicitly rejected by the Fifth Circuit when it denied Petitioner a CoA.  None of the arguments contained in Petitioner's latest motion warrant relief under Rule 60(b).

---

[1] Dismissal Order, ECF no. 19, at p. 7.
[2] Liberally construed, Petitioner's Amended Petition asserted a new claim that the intermediate state appellate court erroneously applied the insufficient evidence standard of *Jackson v. Virginia* in affirming Petitioner's conviction on direct appeal.

D.     Petitioner Has Failed to Show "Extraordinary Circumstances"

Petitioner has not identified any "extraordinary circumstances" which warrant reconsideration under Rule 60(b)(6) of this Court's conclusion that Petitioner's federal habeas corpus petition was untimely.  The Supreme Court's opinion in *McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S. Ct. 1924, 1931-32, 185 L. Ed. 2d 1019 (2013) (holding "a credible showing of actual innocence" may permit a petitioner to overcome a procedural bar to relief such as the AEDPA's limitations period), is of little solace to Petitioner.  Petitioner has failed to allege any specific facts establishing "a credible showing" he is actually innocent of the crime for which he was convicted.  Even when construed liberally, Petitioner's conclusory assertions in his Rule 60(b) motion do not satisfy the showing necessary under *McQuiggin.*  Petitioner identifies no evidence showing he is actually innocent of the offense for which he was convicted and sentenced in September, 2007.  Petitioner has failed to allege any facts showing the existence of exceptional circumstances warranting relief under Rule 60(b)(6).

## IV. Certificate of Appealability

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA. *Miller-El v. Johnson*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); 28 U.S.C. §2253(c)(2).  Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted).  In other words, a CoA is granted or

denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562, 2569, 159 L. Ed. 2d 384 (2004); *Miller-El v. Johnson*, 537 U.S. at 336, 123 S. Ct. at 1039; *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603, 146 L. Ed. 2d 542 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983).

To make such a showing, the petitioner need *not* show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. at 282, 124 S. Ct. at 2569; *Miller-El v. Johnson*, 537 U.S. at 336, 123 S. Ct. at 1039; *Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604; *Barefoot v. Estelle*, 463 U.S. at 893 n.4, 103 S. Ct. at 3394 n.4. This Court is required to issue or deny a CoA when it enters a final Order such as this one adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*. This Court denied Petitioner a CoA the first time Petitioner presented this Court with his complaints about the validity of his guilty pleas. The Fifth Circuit likewise found Petitioner was not entitled to a CoA.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate reasonable jurists could find the court's assessment of the constitutional claim to be debatable or wrong. "[W]here a district

court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338, 123 S. Ct. at 1040 (*quoting Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604); *Accord Tennard v. Dretke*, 542 U.S. at 282, 124 S. Ct. at 2569.  When the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Reasonable minds could not disagree with this Court's conclusion Petitioner's Rule 60(b) motion is untimely.  Likewise, reasonable minds could not disagree with this Court's rejection on the merits of Petitioner's Rule 60(b) motion.  Petitioner's motion raises no new facts regarding the timeliness of his original federal habeas corpus petition which were unavailable at the time this Court first dismissed this action as untimely.  While Petitioner does refer obliquely to the Supreme Court's decision in *Gonzalez v. Crosby*, reasonable jurists could not disagree with this Court's conclusion Petitioner has wholly failed to allege any specific facts showing this federal habeas corpus action was filed in a manner considered timely under Section 2244(d)(1).  Reasonable minds could not disagree with this Court's conclusion Petitioner has failed to

demonstrate "exceptional circumstances" exist which warrant relief from the Judgment in this cause under Rule 60(b)(6).  Petitioner is not entitled to a CoA from this Court's denial of Petitioner's Rule 60(b) motion.

## V. ORDER

Accordingly, it is hereby **ORDERED** that:

1.  Petitioner's Rule 60(b) motion for relief from judgment, filed August 25, 2014 (ECF no. 40) is **DISMISSED as untimely and, alternatively, in all respects DENIED**.

2.  Petitioner is **DENIED** a Certificate of Appealability with regard to both the dismissal and denial of his Rule 60(b) motion.

**It is so ORDERED.**

**SIGNED this 29th day of August, 2014.**

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

11